# EXHIBIT A

1

2

3

4

5

6

7

8

9      SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

WeDriveU, INC., a California corporation,

               Plaintiff,

10        v.

11

THE BOEING COMPANY, a Delaware
12 corporation,

               Defendant.

No.

**COMPLAINT**

13

14

15      Plaintiff WeDriveU, Inc. ("WeDriveU" or "Plaintiff") by and through its undersigned

16 attorneys of record, allege as follows:

17                          **I.      PARTIES**

18      1.1      Plaintiff WeDriveU, Inc. ("WeDriveU" or "Plaintiff") is a California

19 corporation.  WeDriveU is headquartered in Burlingame, California but conducts business in

20 King County, Washington.

21      1.2      Defendant The Boeing Company ("Defendant" or "Boeing") is a Delaware

22 corporation that is duly licensed to conduct business in the state of Washington.

23                     **II.      JURISDICTION AND VENUE**

24      2.1      Jurisdiction is proper in this Court pursuant to RCW 2.08.010, as the amount

25 in controversy exceeds $300.00.

COMPLAINT - 1

1      2.2     Venue is proper in this Court pursuant to RCW 4.12.025 because the

2  Defendant transacts business in King County.

3                     III.     **FACTUAL ALLEGATIONS**

4      3.1     WeDriveU is a national transportation company.  WeDriveU specializes in

5  providing shuttle transportation systems for corporate, education and health care provider

6  customers.

7      3.2     Boeing is a global airplane manufacturer that employs thousands of

8  individuals in Washington.

9      3.3     In 2018, WeDriveU executed several agreements with Boeing to provide

10  shuttle transportation for Boeing personnel in Washington.  The agreements each have a five-

11  year term that runs from March 1, 2019, through February 29, 2024.  These agreements

12  include a Shuttle Contract Agreement, the Boeing Company General Provisions Agreement

13  ("GP2"), and a Shuttle Statement of Work Agreement.  Consistent with these agreements,

14  WeDriveU also entered into two purchase agreements with Boeing that detail WeDriveU and

15  Boeing's obligations: CPA #1106259186 and CPA #110625981 (together, the "Purchase

16  Contracts").

17      3.4     WeDriveU undertook substantial preparations at significant cost in order to

18  perform its transportation obligations under the Purchase Contracts and the Shuttle Contract

19  Agreement.  For example, WeDriveU leased shuttle vehicles to transport Boeing employees,

20  entered into long-term lease agreements for facilities to store the shuttle vehicles it used to

21  transport Boeing employees, and hired drivers to transport Boeing employees in the leased

22  shuttles.  WeDriveU reasonably relied on the five-year duration of the Shuttle Contract

23  Agreement and the Purchase Contracts in entering into these lease agreements and assuming

24  these costs.

25

COMPLAINT - 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    3.5    Section 10 of the GP2 permits Boeing to "terminate all or part of this Contract for its sole convenience;" however, Section 10 strikes a balance by requiring Boeing to pay for costs WeDriveU incurred and will continue to incur as a result of Boeing's termination of the agreements for its own convenience.  More specifically, Section 10 of GP2 authorizes WeDriveU to submit to Boeing "a claim reflecting the percentage of the work performed prior to the effective date of termination, plus reasonable charges that [WeDriveU] can demonstrate to the satisfaction of [Boeing]." A reimbursement claim must be made "within ninety (90) days after the effective date of termination."

3.6    On May 4, 2020, Boeing notified WeDriveU that Boeing intended to terminate for its convenience the Purchase Contracts prior to the contracts' expiration dates.

3.7    At the time Boeing terminated the Purchase Contracts for convenience, WeDriveU had made substantial financial commitments to ensure it could fulfill its obligations under the GP2, Shuttle Contract Agreement, and Purchase Contracts.

3.8    WeDriveU timely submitted a claim to Boeing under Section 10 of the GP2 detailing the reasonable damages and costs WeDriveU reasonably incurred as a result of Boeing's termination for convenience.  The claim detailed the following damages and costs: reimbursement for $6,254,091.34 in lease payments for shuttle vehicles that WeDriveU leased to fulfill its obligations under the Purchase Contracts; $401,202.71 in lease payments for properties that WeDriveU leased to store the shuttle vehicles it used to fulfill its obligations under the Purchase Contracts; and $131,127.35 for driver's wages WeDriveU paid during Boeing's temporary suspension of all transportation services from March 25, 2020, to April 17, 2020.

3.9    On August 4, 2020, Boeing rejected WeDriveU's request for reimbursement under Section 10 of the GP2.  Boeing has continued to refuse to honor its obligations under Section 10 of the GP2.

COMPLAINT - 3

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## IV.   FIRST CAUSE OF ACTION: BREACH OF CONTRACT

2      4.1    Plaintiff realleges and incorporates by reference the allegations set forth in

3   paragraphs 1.1. through 3.9 of this Complaint.

4      4.2    Under Section 10 of the GP2, all of WeDriveU's "reasonable charges"

5   resulting from Boeing's termination for convenience are recoverable if WeDriveU submits a

6   claim for damages "within ninety (90) days after the effective date of termination."

7      4.3    WeDriveU suffered reasonable and direct charges as a result of Boeing's

8   termination for convenience.  These charges include $6,254,091.34 in vehicle lease payments;

9   $401,202.71 in lease payments for storage properties for the vehicles; and $131,127.35 for

10   driver's wages during Boeing's temporary suspension of all transportation services from

11   March 25, 2020 to April 17, 2020.

12      4.4    On July 31, 2020, WeDriveU timely submitted a claim for reimbursement of

13   its "reasonable charges" under Section 10 of the GP2.  WeDriveU submitted this claim for

14   reimbursement within 90 days of the May 4, 2020 and May 16, 2020 effective dates of

15   Boeing's termination for convenience.

16      4.5    WeDriveU sought reimbursement under Section 10 of the GP2 for its

17   "reasonable charges that . . . have resulted from the termination."  These current and future

18   expenses as claimed were necessary and unavoidable to ensure that WeDriveU could provide

19   transportation to Boeing employees until 2024, as the parties intended under the Purchase

20   Contracts.

21      4.6    Boeing to date has not reimbursed WeDriveU for the costs it incurred and that

22   are owing under Section 10 of the GP2.  By failing to reimburse WeDriveU, Boeing has

23   materially breached its cost reimbursement obligations under Section 10 of the GP2.

24

25

COMPLAINT - 4

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4.7     As a result of Boeing's termination of the Purchase Contracts for convenience and Boeing's breach of Section 10 of the GP2, WeDriveU has been damaged in an amount to be proven at trial.

## V.     SECOND CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

5.1     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1.1. through 4.7 of this Complaint.

5.2     The covenant of good faith and fair dealing attaches to the contracts entered by the parties, including the GP2.  The covenant of good faith and fair dealing requires Boeing to deal fairly, honestly, and reasonably with WeDriveU.

5.2     Boeing has refused to pay the reasonable charges incurred by WeDriveU in order to perform its transportation obligations under the Purchase Contracts and the Shuttle Contract Agreement, and resulting from Boeing's termination of the contracts.

5.3     Boeing's refusal to pay has deprived WeDriveU of the benefits to which it was entitled under the various contracts, including under Section 10 of the GP2.

5.4     Boeing's conduct violates the implied covenant of good faith and fair dealing that was implied in the contracts, including the GP2.

5.5     As a result of Boeing's breach of the implied covenant of good faith and fair dealing, WeDriveU has suffered damages in an amount to be proven at trial.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

a.     An award of damages for Defendant's breach of the GP2 and breach of the implied covenant of good faith and fair dealing, as permitted by law;

b.     An award of Plaintiff's attorneys' fees and costs, as permitted by law or equity; and

COMPLAINT - 5

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

c.      Such other and further relief as the Court deems just and equitable.


DATED:  July 12, 2021

                          CORR CRONIN LLP


                          *s/ Steven W. Fogg*
                          Steven W. Fogg, WSBA No. 23528
                          Todd T. Williams, WSBA No. 45032
                          Victoria E. Ainsworth, WSBA No. 49677
                          1001 Fourth Avenue, Suite 3900
                          Seattle, Washington  98154
                          (206) 625-8600 Phone
                          (206) 625-0900 Fax
                          sfogg@corrcronin.com
                          twilliams@corrcronin.com
                          tainsworth@corrcronin.com
                          *Attorneys for Plaintiff WeDriveU, Inc*

COMPLAINT - 6